IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

WALTER GIBBONS,               :
                                     :
                  Petitioner      :
                                       :
          VS.                   :
                                     :      CIVIL ACTION NO.: 5:09-CV-321 (CAR)
Captain KEENE,              :
                                     :
                  Respondent    :
                                     :
_____ :

## <u>ORDER</u>

Petitioner **WALTER GIBBONS**, an inmate at the Lowndes County Jail in Valdosta, Georgia, filed an Application for Writ of Habeas Corpus.  Petitioner has not paid the filing fee. He has attached to his application a "Certification," which  shows the monthly balance in his inmate trust fund account.  Therefore, the Court assumes he wishes to proceed without prepayment of the filing fee and, for purposes of this dismissal alone, will allow him to proceed *in forma pauperis.*

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in relevant part:

> The original [habeas corpus] petition shall be presented promptly to a judge of the district              court in accordance with the procedure of the court for the assignment of its business.  The petition shall be examined promptly by the judge to whom it is assigned.  If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.

Upon initial review of the petition filed herein, it clearly appears from the face of the petition that the petitioner has <u>not</u> exhausted state remedies available to him.  According to petitioner's submissions, he pled guilty to burglary in the "Lowndes County Jail Courtroom" on April 16, 2009 and received a ten year sentence.

Petitioner states that he filed a motion for reconsideration that was denied on June 16, 2009, and he filed a motion for reduction of sentence that is still pending.  It does not appear that petitioner

appealed his guilty plea/conviction or sentence; nor does it appear that he has filed a habeas action in the state courts.[1]

It has been well-settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citing *Ex Parte Royall*, 117 U.S. 24l (1886)). This exhaustion requirement has been codified in 28 U.S.C. § 2254 (b)-(c). The exhaustion requirement reflects a policy of comity between state and federal courts and is "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (quoting *Fay v.Noia*, 372 U.S. 391, 438 (1963)). Moreover, "[a] state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the state, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(b)(3). The State of Georgia has a stated policy of <u>not</u> waiving exhaustion.

Under the above circumstances, the petitioner cannot proceed in federal court with a habeas corpus petition at this time. He must first exhaust his remedies in the state courts. Once he has completed all avenues available to him in the state courts, he will then be permitted to return to federal court. Accordingly, the instant petition is hereby **DISMISSED WITHOUT PREJUDICE** to the right of the petitioner to re-file once he has afforded the state courts an opportunity to review his grounds for relief.

**SO ORDERED**, this 22nd day of September, 2009.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

lnb

---

[1] The Court notes that petitioner has indicated in the heading of his Application for Writ of Habeas Corpus that the action is to be filed "[i]n the Superior Court of Lowndes County, State of Georgia." However, petitioner did not mail the application to the Superior Court of Lowndes County. He, perhaps mistakenly, mailed the document to this Court.